**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BETTY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 09-1229-MLB |
| | ) | |
| ABLE DEBT SETTLEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss or, in the alternative, to transfer venue. (Doc. 6). Plaintiff is a Kansas resident who contracted with defendant to provide debt settlement services. Defendant is a Texas for-profit corporation with its principal place of business in Texas. Plaintiff filed a complaint against defendant alleging violations of the Kansas Credit Services Organizations Act (KCSOA) and the Kansas Consumer Protection Act (KCPA).

**I.   Facts**

On December 19, 2008, plaintiff discovered defendant's website on her computer.[1] Plaintiff signed up for defendant's services by entering into a service agreement. The agreement provides that defendant will resolve plaintiff's debts with her creditors. In return for this service, plaintiff was to pay defendant. Defendant debited plaintiff's checking account for six months for a total of $498.34. Plaintiff alleges that defendant represented that the

---

[1] The complaint alleges this occurred in January 2009 but the service agreement is clearly dated December 19, 2008.

payments would be forwarded to her creditors.  Defendant, however, never contacted any creditor on plaintiff's behalf.

Plaintiff's complaint seeks damages for the money she paid and statutory penalties. (Doc. 1).  Defendant moves for dismissal on the basis that the service agreement's forum selection clause designates Dallas, Texas as the proper jurisdiction for any action arising from the contract.  In the alternative, defendant seeks a transfer to the "city and county of Dallas, Texas."

**II. Analysis**

The service agreement at issue contains a choice-of-law provision calling for the application of Texas law. (Doc. 6 exh. 1 at 2.)  A federal court sitting in diversity applies federal procedural law and the substantive law that would be applied by the forum state.  <u>Burnham v. Humphrey Hospitality REIT Trust, Inc.</u>, 403 F.3d 709, 712 (10th Cir. 2005).  Consistent therewith, where a contract contains a choice-of-law clause, the court will apply the forum state's choice-of-law rules.  <u>Midamerica Constr. Mgmt., Inc. v. MasTec N. Am., Inc.</u>, 436 F.3d 1257, 1260 (10th Cir. 2006).  Under Kansas law, parties to a contract may select the law that will govern interpretation of their agreement, and Kansas courts will generally honor that choice.  <u>Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.</u>, 431 F.3d 1241, 1255 (10th Cir. 2005) (citing <u>Brenner v. Oppenheimer & Co.</u>, 273 Kan. 525, 44 P.3d 364, 374 (2002)).

Plaintiff, however, argues that the choice of law provision and the forum selection clause should not be honored because the contract is illegal due to defendant's failure to register as a debt adjuster with the Kansas Office of the State Banking Commissioner. (Doc. 8).

K.S.A. 50-1118 provides as follows:

> (a) No person shall engage in, or hold such person out as willing to engage in any credit services organization business <u>with a resident of this state</u> without first obtaining registration from the commissioner. Any person required to be registered as a credit services organization shall submit to the commissioner an application for registration on forms prescribed and provided by the commissioner.

(emphasis supplied). Thus, it is irrelevant where the contract was made or where the last act necessary for formation is performed.

Plaintiff has attached a list of credit services organizations that are registered in the state of Kansas and defendant is not listed. Defendant has not filed a reply which disputes plaintiff's response and the time has now passed. Failure to comply with the provisions of the KCSOA is a misdemeanor under Kansas law. K.S.A. 50-1131.

Because complying with the service agreement would result in illegal activities under Kansas law, the service agreement is void. Petty v. City of El Dorado, 270 Kan. 847, 853-854, 19 P.3d 167, 172 (Kan. 2001)("An illegal contract is a promise that is prohibited because the performance, formation, or object of the agreement is against the law.") The forum selection clause and prevailing law provision contained in that service agreement are not binding on the parties.

### III. Conclusion

Therefore, defendant's motion to dismiss based on improper venue or to transfer is denied. (Doc. 6).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. Defendant may not move for

reconsideration on the basis of arguments which could have been included in a reply.  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this __8th__ day of January 2010, at Wichita, Kansas.

<u>s/ Monti Belot</u><br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE