**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BETTY F. ANDERSON,**  )
  )
  **Plaintiff,**  )
  )
v.  )  **Case No. 09-1229-MLB**
  )
**ABLE DEBT SETTLEMENT, INC.,**  )
  )
  **Defendant.**  )
  )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel defendant to properly answer Interrogatory No. 1. (Doc. 28/33).[1] For the reasons set forth below, plaintiff's motion shall be GRANTED.

### Background

Highly summarized, plaintiff alleges that defendant is operating a "credit service organization" in Kansas and has failed to register with the Kansas State Banking Commissioner's office in violation of the Kansas Credit Services Organization Act. Plaintiff also argues that defendant has debited her checking account numerous times without providing services in violation of the Kansas Consumer Protection Act. Plaintiff seeks

---

[1] Doc. 33 is listed as a "motion" on the docket. However, Doc. 33 is actually a notice that plaintiff is withdrawing her request to compel Interrogatory Nos. 4, 5, and 6.

compensatory damages, punitive damages, attorney fees, and an injunction prohibiting defendant from continuing to operate as a credit service organization in Kansas.

## Motion to Compel

**Interrogatory No. 1**

Interrogatory No. 1 asks defendant to

> identify all persons for whom you have performed or offered to perform any services from January 1, 2008 to present who were residents of Kansas at the time you performed or offered to perform said services.

Plaintiff contends the interrogatory should be answered because defendant asserts that it ***does not*** engage in debt management services in Kansas and factual issues exist concerning the services which defendant "actually provides." Doc. 28, p. 3. Because of these factual issues, plaintiff believes it is reasonable to investigate the services which defendant provided to other Kansas consumers during the relevant time period. Defendant counters in a conclusory argument that there are "no disputed issues of material facts" and the "the service agreement clearly states what services Able said it would provide to her." Defendant contends "the only remaining issue is whether the services Able offered in the agreement are debt management service," a legal issue that requires no discovery.

Neither parties' arguments are well developed. However, the court is persuaded that defendant's view of relevance concerning Interrogatory No. 1 is too narrow. Defendant's answer expressly denies factual allegations in plaintiff's complaint and also alleges that plaintiff "developed her financial strategy with an independent financial consultant." The court is unable to conclude, based on the limited pleadings, that there are "no disputed issues

of material facts" concerning defendant's "actual conduct" in Kansas.

Discovery concerning other Kansas customers appears reasonably calculated to determine the services "actually provided" by defendant in Kansas. Additionally, plaintiff seeks punitive damages and injunctive relief. If it is ultimately determined that defendant violated the Kansas Credit Services Organization Act and/or the Kansas Consumer Protection Act, the existence of "other customers" is relevant to punitive damages and the need for injunctive relief. Accordingly, plaintiff's motion to compel Interrogatory No. 1 shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 28/33)** is **GRANTED.** Consistent with the rulings herein, defendant shall provide plaintiff with a revised answer to Interrogatory No. 1 by **November 10, 2010.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of October, 2010.

S/ Karen M. Humphreys
_____
Karen M. Humphreys
United States Magistrate Judge